IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

=========================================X
CHAPTER 4 CORP.,                                PLAINTIFF'S DECLARATION

                 Plaintiffs,

        -against-                                  Case No. 20-cv-06115

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

                 Defendants.
=========================================X

    Zhuo Qi, being duly sworn deposes and says the following subject to the penalty of perjury pursuant to 28 USC §1746.

1. I am over the age of eighteen and an owner of Guangzhoukaihongmaoyiyouxiangongsi sued herein as FITtrame ("Movant") and I make this Declaration in support of the instant motion for an Order vacating the Final Judgment of this Court (Hon. Virginia M. Kendall) dated February 9, 2021 which, inter alia, granted Plaintiff judgment on default against Movant and its Co-Defendants.

2. I have been advised by my attorneys that there are two distinct requirements that must be met for our motion to be granted. First, we must show that we have a meritorious defense to the claims asserted against us in this matter. Second, we must show that there is an excusable reason for our failure to interpose an Answer or otherwise appear in the action which led to the default judgment being taken against us.

3. As to the first requirement, Movant has never used any of Plaintiff's protected marks

or otherwise infringed on its intellectual property rights. Neither the allegedly infringing product upon which the claims against Movant are based, nor the sales listings for that product bear any of Plaintiff's protected marks.[1] The only similarity between Movant's product and listing and Plaintiff's mark is the use of the letters SUP in white on a red background on a portable video game console.

4. Not only is the use of Plaintiff's protected mark completely coincidental our product isn't even a type for which that mark is registered. And, we use "SUP" on products of all different colors, unlike Plaintiff's mark which is limited to white on red.

5. Upon information and belief, Plaintiff has registered the word "SUP" for use on clothing, luggage, eyewear and cellular telephone accessories.

6. Movant's portable handheld game console does not fall into any of those categories and it only has the three letter combination SUP on the item and the listing. At no time did we intend to create confusion with Plaintiff's mark by using that letter combination.

7. Like many Chinese companies, Movant relies on American popular culture as it is interpreted and translated into Chinese which can result in awkward or unintended meanings.

8. Here, Movant did not copy or even come close to imitating Plaintiff's trademark by using the letters S, U and P on a product that doesn't even fall within the realm of Plaintiff's protected usage.

9. S-U-P could easily be short for "super", "superior" or "superb" all of which have

---

[1] See Exhibit A.

meanings that convey qualities that a consumer would seek out and find desirable in any product. SUP is also a familiar slang word in English which is short for "What's Up? i.e. "SUP". In addition, as noted above, we use "SUP" on blue, yellow and, other color game consoles while Plaintiff's mark is limited to white letters on a red field.

10. Movant respectfully submits that it is clear that there is no substantial similarity and therefore, no reasonable basis for any confusion, whether intentional or incidental, between Plaintiff's white on red "SUPREME" mark since there is only a random and partial similarity between that mark and our use of the letters SUP on blue, red, yellow and other color products.

11. So, Movant contends that it has a meritorious defense to Plaintiff's claims as well as an excusable reason for defaulting as described below.

12. It is well known among Chinese people doing business on internet sales platforms like amazon.com that there is a strong prejudice against us among a large segment of the American population and institutions because many Chinese businesses do not comply with American intellectual property laws.

13. It is also well known that brands and manufacturers such as Plaintiff frequently take advantage of that prejudice to bring lawsuits against innocent, law abiding Chinese businesses as well as those that do not comply with American intellectual property laws. It is respectfully submitted that this is one of those lawsuits.

14. While some Co-Defendants may fall into the group of unscrupulous actors who ignore American copyright and trademark laws, Movant does not.

15. As described above, our products do not bear Plaintiff's mark nor is it used in any of

our listings or advertisements and, it is simply unreasonable to claim that using the letters SUP in different color combinations could reasonably be expected to confuse the buying public as to any relationship between our products and those bearing Plaintiff's protected mark of "SUPREME" in the limited color combination of white on red.

16. It is and always has been Movant's practice to operate within the law and abide by and refrain from infringing the intellectual property of others in producing, marketing and selling our products.

17. However, while that is exactly what we did in this instance, we were also, at all times aware of the heightened risk that we would be wrongfully treated as infringers on Plaintiff's rights due to the aforementioned prejudice against Chinese businesses that sell products on amazon.com.

18. Therefore, when we first learned we had been sued in this case we retained legal counsel with the intention of settling the claims against us as we were too fearful of being lumped in with actual infringing parties to risk fighting back against Plaintiff's false claims about us.

19. From the outset we were resigned to having no choice other than settlement since we have seen so many other lawsuits against Chinese companies, including many owned by our friends and professional acquaintances, end in large awards against them because they were unable to overcome the presumption of liability that attaches to Chinese business in this context. We believed it was impossible for us to have a fair chance against Plaintiff in a lawsuit such as this even though the claims against us are baseless.

20. Therefore, we instructed our attorneys to negotiate a settlement so we would have

some control over the amount of money we were forced to pay even though we knew Movant was not liable for any of Plaintiff's claims.

21. This belief was supported by the fact that we first learned of the lawsuit when we received notice from amazon.com that Plaintiff had obtained a Temporary Restraining Order against Movant, based on what we later learned were the false, over broad and inaccurate claims Plaintiffs made to the Court in the Complaint and in its application for the injunction.[2]

22. Based on these facts and due to the other problems we were (and are) facing which are described below, Movant decided to try settle the case instead of fighting it because even though we are not liable, we believed that it was impossible to obtain a fair hearing given the extensive and pervasive prejudice against Chinese "etailers".

23. In fact, our belief in the extent and pervasiveness of this prejudice was reinforced when our attorneys explained the great effort Plaintiff's attorneys put into convincing the Court that all such businesses, including Movant, are unscrupulous "bad actors" engaged in rampant counterfeiting and intellectual property infringement when nothing could be further from the truth.

24. Despite the fact that Plaintiff's actions and false claims seem closer to extortion than legitimate litigation, we determined the easiest, most economical way of dealing with this frivolous lawsuit was to settle it. So, we attempted to do so through the efforts of our

---

[2] In addition to its false claims regarding our alleged infringement of its intellectual property rights, Plaintiff falsely claimed we acted in concert and shared information with the Co-Defendants, presumably because Movant's principal place of business is in China.

attorneys and their representatives in China.

25. During the course of these negotiations and discussions, on January 13, 2021 Plaintiff advised the Court that it was not seeking a default judgment because it was actively engaged in settlement discussions with multiple defendants, which we reasonably believed we were among.

26. In reliance on Plaintiff's representation and the Court's resulting Order scheduling a status conference on February 10, 2021, we believed that we had until at least then to settle the case before being at risk of a default judgment. It was at this point Movant decided to consider changing course from settling to fighting back against Plaintiff's baseless claims and intended to interpose an Answer or otherwise appear prior to the February 10th.

27. However, contrary to the implication of its prior notification to the Court, Plaintiff interposed it's motion for a default judgment on February 5th, before Movant had a chance to act on the above noted change of heart.

28. Based on Plaintiff's representation we believed we had an opportunity to settle the case and limit our legal fees by settling rather than answering the lawsuit. Movant also concluded that by saving on legal fees, we would have more money available to settle the case, even though we'd done nothing wrong.

29. Unfortunately, this trust in Plaintiff's representations was misplaced and instead of negotiating in good faith, they moved for the default judgement from which Movant now seeks relief. This abrupt change of events occurred at a terrible time for our business and we were unable to react in time.

30. As the court is aware, the Covid-19 pandemic has caused extreme hardship and difficulty for individuals and businesses around the world. Despite what has (and has not) been reported in American media, China is among, if not the most seriously affected of all countries by this disease.

31. Movant has been severely hampered by governmental restrictions coupled with the impact of the pandemic on our employees and operations. Compounding these drastic limitations on our ability to do business, including dealing with this lawsuit, these events took place at the same time as the Chinese New Year during which huge portions of the Chinese government and industry are shut down. Communications, labor, and professional activities are all significantly limited, hampering our ability to do any business at all much less deal with this frivolous lawsuit that never should have been filed against us to begin with.

32. In the course of our settlement discussions we learned the lawsuit against us was completely unfair because Movant did not do any of the things Plaintiff claimed to the Court.

33. Movant never intentionally or even accidentally engaged in any of the bad acts Plaintiff claims to have suffered at the hands of Defendants in this matter. As described above, we simply used a few English letters in different color combinations that we considered to be eye catching and a good marketing device. We did not copy Plaintiff's trademark white on red "SUPREME" or even use the word "supreme" in any marketing, advertising, designing or any other way in reference to our product in an infringing manner.

34. So, after considering that too many Chinese, including people I know personally, are being hurt by overreaching, greedy companies like Plaintiff who bring these lawsuits against many innocent people, we chose to fight back.

35. Since we knew that we did nothing wrong and were only going to settle because we were scared we would not get a fair trial in this case, we decided to fight against the lies Plaintiff told about us. So, we told our attorneys to fight back and protect us from Plaintiff's false and dishonest claims.

36. However, the time we'd spent time trying to settle the case, our reliance on Plaintiff's statement to the court that it was not seeking a default judgment because it was working towards a settlement with us, combined with the restrictions on our ability to act quickly because of the Chinese New Year and the Covid-19 pandemic, we were unable to reach this decision and communicate it to our lawyers before Plaintiff moved for the default judgment.

37. We are still limited in our ability to function at full capacity due to shortages of labor, interruptions in transportation and communication and other problems caused by the pandemic compounded by the weeks long Chinese New Year celebration that only recently ended but, we acted as quickly as we could to have our lawyers file an Answer and when that proved impossible, make this motion.

38. Since the motion was only granted one month ago, we have moved as quickly as possible to ask this court for relief from the judgment which was unfairly obtained against us by Plaintiff, given the aforementioned limitations on our business caused by the pandemic and the Chinese New Year. During that time we also had to decide whether

we could prove to the court that the default should not have been granted because Plaintiff was not honest when it made the representations to the court.

39. Plaintiff made many false statements to the court about us, and we believe that it is only because of these false and dishonest statements to the court that the motion was granted and, the default judgment entered against us.

40. Based on these reasons and the arguments made by our attorneys in the accompanying Memorandum of Law, we respectfully request that the court vacate the default judgment and afford Movant an opportunity to disprove the false and prejudiced statements and claims made against us in this case.

41. Movant has at all times played by the rules and obeyed the laws of America unlike the way it has been described to the court by Plaintiff and if given a chance to prove this to the court, Movant is certain that despite Plaintiff's false claims, it will win the

(SPACE INTENTIONALLY LEFT BLANK)

lawsuit.

Dated: March 12, 2021

卓琪 Zhuo Qi

_____
Zhuo Qi