IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAPTER 4 CORP., )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>THE PARTNERSHIPS AND )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE A, )<br>)<br>*Defendants*. )<br>)<br>) | No. 20 C 6115<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Guangzhoukaihongmaoyiyouxiangongsi, sued herein as FITtrame Motion to Vacate Default Judgment pursuant to Fed. R. Civ. P. 60(b) and 60(d). (Dkt 56). Defendant argues that did not respond due to misrepresentations made by Plaintiff's counsel regarding settlement discussions. (Dkt. 56-2). Because Defendant cannot show good cause, the Court denies Defendant's Motion.

## BACKGROUND

On October 14, 2020, Plaintiff filed his lawsuit against Defendants. (Dkt. 1). Plaintiff is a world-famous apparel company that was started in 1994 in New York City, specializing in the sale of streetwear and downtown, counter-culture clothing and a wide range of other products displaying the SUPREME mark. (*Id.* at ¶¶ 5, 20, 23). The lawsuit brought claims for Trademark Infringement and Counterfeiting under the Lanham Act, 15 U.S.C. § 1114 and False Designation of Origin under 15 U.S.C. § 1125(a). (*Id.* at ¶¶ 38–48). On October 20, 2020, this Court entered a

1

Temporary Restraining Order that, among other relief, enjoined Defendant from infringing the SUPREME Trademarks and ordered Amazon.com, Inc. to restrain funds in Defendant's Amazon account. (Dkt. 25 at ¶¶ 1, 5). The TRO authorized Plaintiff to serve Defendant via e-mail pursuant to Fed. R. Civ. P. 4(f)(3). (*Id*. at ¶ 7).

Plaintiff served Defendant on November 12, 2020, making deadline for Defendant to answer or otherwise plead December 3, 2020. (Dkt. 34-1). Plaintiff attests that counsel for Plaintiff and Defendant were in communication regarding settlement between November 2020 and January 2021. (Dkt. 58 at 3). On February 5, 2021, Plaintiff filed a Motion for Entry of Default and Default Judgment against all Defendants, of which included FITtrame. (Dkt. 44). On February 10, 2021, the Court granted Plaintiff's Motion for Default and entered the Final Judgment Order. (Dkt. 48). Over a month later on March 13, 2021, Defendant filed his Motion to Vacate Default and an amended Motion on March 17, 2021. (Dkts. 52, 56). This Court held a hearing on the Motion to Vacate on March 31, 2021, wherein the parties orally presented their arguments. (Dkt. 63). Defendant's only excuse for the default is that that Defendant intended to settle the matter with Plaintiff. The remainder of Defendant's Motion to Vacate is dedicated to the merits of its defense. (Dkt. 56-2 at 6).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and courts have characterized the district court's considerable latitude in making its decision as "discretion piled on discretion." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (citing *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir.1996)). Rule 60(b)(1) permits relief from judgment on ground of

"mistake, inadvertence, surprise, or excusable neglect." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). To receive relief from default under either rule, defendant bears the burden of establishing: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs*, 688 F.3d at 890. This test "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). The elements for relief under Rules 55(c) and 60(b) are substantially the same but the standards are applied more stringently when considering a Rule 60(b) motion. *See Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983). Although the Court considers the well-established principal of favoring a trial on the merits over a default judgment, relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *see also McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000).

Defendant also moves for relief under Fed. R. Civ. P. 60 (b)(3) and 60(d)(3), which affords relief from two types of fraud. The first type is "fraud[,]... misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), which prevented the party seeking relief "from 'fully and fairly presenting' " his meritorious case at trial. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (finding that discovery violation did not amount to fraud), *quoting Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). The second type is "fraud on the court," see Fed. R. Civ. P. 60(d)(3), which we is fraud "directed to the judicial machinery itself" and involving "circumstances where the impartial functions of the court have been directly corrupted." *In re Whitney-Forbes, Inc.*, 770 F.2d 692, 698 (7th Cir. 1985) (citations omitted). Examples of this type of fraud include situations where "a party bribes a judge or inserts bogus documents into the

3

record." *Kennedy v. Schneider Electric*, 893 F.3d 414, 419 (7th Cir. 2018) (citation omitted). But because a "motion to set aside a judgment on the ground of fraud on the court has no deadline" and can be brought at any time under Rule 60(d)(3) to challenge final judgments, the definition of "fraud" contemplated by the rule must be "defined narrowly lest it become an open sesame to collateral attacks." *Id.* at 419–420 (citing *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011)).

## **DISCUSSION**

As discussed above, to receive relief from default under Rule 60, defendant bears the burden of establishing: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs*, 688 F.3d at 890. Defendant cannot establish good cause and therefore cannot meet the first step of the Rule 60(b) analysis. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (movant cannot satisfy its burden to show that the default judgments should be set aside where it could not establish good cause for the defaults); *Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) ("Imperial failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate Imperial's default ...."). The only excuse Defendant offers for its failure to timely appear is that it was mistaken about the status of settlement negotiations. However, it is well-settled that confusion over the status of settlement discussions does not provide good cause for default. *Simon v. Pay Tel Mgmt., Inc.*, 782 F. Supp. 1219, 1225 (N.D. Ill. 1991), *aff'd*, 952 F.2d 1398 (7th Cir. 1992) (stating that in "relying on the mere existence of settlement negotiations as abrogating their responsibilities to the Court, defendants failed to protect their own interests in this litigation."); *Oku v. Oyster Gaston5, LLC*, 19 C 7673, 2020 WL 5763644, *2 (N.D. Ill. Sept. 28, 2020) (Kendall, J.) (denying motion to vacate default where defendant stated he was mistaken as to the status of settlement discussions).

Next, Defendant cannot show it took quick action to set aside the default judgment, having waited almost five weeks after its entry to file its motion to vacate. The Courts have denied motions to vacate after three weeks, *Sullivan v. Gen. Plumbing, Inc.*, No. 06 C 2464, 2007 WL 1030236, at *4 (N.D. Ill. Mar.31, 2007), and found that even being in solitary confinement did not excuse a delay of more than four weeks when a defendant failed to take quick action. *Phipps*, 39 F.3d at 165; *see also Tygris Asset Finance, Inc. v. Szollas*, 2010 WL 2610652, *3 (N.D. Ill. June 21, 2010) (collecting cases where "quick action" has failed). As the Seventh Circuit has stated:

> Whether responding more than a month after the entry of a default judgment is 'quick action' depends, quite clearly, on the particular circumstances of the defaulted defendant. If, for instance, the defendant (through no fault of his or her own) did not even become aware of the default judgment until one month (or six months) after its entry, maybe trying to vacate the judgment at that late date would be quick enough to satisfy the standard

*Phipps*, 39 F.3d at 165. Defendants were advised on February 5, 2021 that Plaintiff filed a Motion for Entry of Default and Default Judgment, which the Court entered on February 10, 2021. Defendant claims that part of its confusion arose because there was a status hearing set for February 10, 2021. The question then arises about why Defendant did not appear at this status when Defendant acknowledges it had notice of it, as well as having notice of the Motion for Entry of Default and Default Judgment. (Dkt. 56-2 at 5). Defendant does not provide any excuse for the lack of quick action.

Finally, Defendant's own confusion does not meet the high bar for fraud under Rule 60(d)(3). Under Rule 60(d)(3), the fraud must be "directed to the judicial machinery itself." *Kennedy*, 893 F.3d at 419. Defendant's stated confusion over the status of settlement negotiations based on Plaintiff's alleged representations can hardly be described as fraud and is certainly not fraud directed to the judicial machinery.

The Court need not reach the merits of Defendant's Motion because it suffices that it cannot show either good cause or quick action. *Pretzel*, 28 F.3d at 46 (citing *Zuelzke Tool and Engineering Co. v. Anderson*, 925 F.2d 226, 230 (7th Cir.1991) for proposition that in 60(b) context, even if a meritorious defense exists it cannot excuse carelessness)).

## CONCLUSION

Because the Defendant cannot show excusable neglect or quick action, the Court denies its Motion to Vacate Judgment. [Dkt. 56].

_____
Virginia M. Kendall
United States District Judge

Date: May 12, 2021